# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:15-cr-425-CEH-CPT

THOMAS KOHLER

## ORDER

This matter comes before the Court on Defendant Thomas Edward Kohler's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 251. Defendant requests compassionate relief pursuant to the First Step Act due to his serious medical conditions and deteriorating health, which he contends is an extraordinary and compelling circumstance for two reasons: the risk of COVID-19 infection and the inadequate medical care he is receiving in prison. Defendant seeks a reduction of his 151-month sentence to time served. The Government filed a response in opposition (Doc. 252), and Defendant replied (Doc. 256). Defendant later filed a supplement to his compassionate release motion to provide additional evidence regarding his deteriorating medical condition (Doc. 262). The Court heard oral argument on the motion on December 15, 2021. The Court, having carefully considered the motion, the record, argument of counsel, the parties' submissions, and being fully advised in the premises, will grant Defendant's Motion for Compassionate Release.

    **I.**    **BACKGROUND**

Defendant is a 64-year-old man who suffers from a host of medical problems: obesity, pre-diabetes, hypertension, hyperlipidemia, an aortic aneurysm, chronic renal stones, an enlarged prostate, depression, likely post-traumatic stress disorder (PTSD), and a history of nearly fatal pancreatitis. Dr. Devra Marcus, a medical doctor with a specialty in infectious diseases, submitted a declaration summarizing her analysis of Defendant's lengthy medical record and providing her expert conclusions on his individualized susceptibility to serious COVID-19 illness and the inadequacy of the medical care Defendant is receiving in prison for his many health conditions. Defendant is vaccinated against COVID-19. Doc. 251-1.

Defendant is serving a 151-month sentence at FCI Coleman Medium after a jury found him guilty of one count of conspiracy to distribute or possess with the intent to distribute methamphetamine, 21 U.S.C. §§ 841, 846. Docs. 136, 205. Defendant has been incarcerated for approximately six years and is scheduled to be released on December 6, 2026. *See* https://www.bop.gov/inmateloc/ (last accessed March 15, 2022). Defendant played a minor role in this conspiracy. Factoring in good time credit, Defendant has served more than 50% of his sentence. Defendant's Bureau of Prison ("BOP") disciplinary record is free of infractions. Doc. 251-9 at 6.

In support of his motion for compassionate release, Defendant filed medical and BOP records, the declaration of Dr. Devra Marcus, and character references from family and friends, including other inmates. Docs. 251-1–251-8; 253-1–253-4. Defendant has a release plan in place and proposes to be released to his friend's home in Polk County, Florida where he was released on bond before trial. The Government

opposes Defendant's motion, arguing, among other things, that COVID-19 on its own is not an extraordinary and compelling circumstance and that the vaccine mitigates Defendant's health risks. Doc. 252. The Government does not rebut the analysis in Dr. Marcus's declaration regarding Defendant's inability to provide self-care in the prison environment and the inadequacy of medical care for his serious health conditions.

Defendant submits that the Government misunderstands the grounds for his motion: he seeks a reduced sentence due to his uniquely "fragile medical condition, which is dire both because of the BOP's failure to adequately diagnose, monitor, and treat [his] illnesses and because of COVID-19." Doc. 256. Defendant argues that the cases the Government cites are inapposite, either involving young defendants with no underlying illnesses or defendants whose conditions are properly managed.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations and citation omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—

3

>(1) in any case—
>>(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (A) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (B) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (C) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as

applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III. DISCUSSION

### A. Defendant Has Satisfied Administrative Exhaustion Requirement

Defendant submitted a request for compassionate release on April 2, 2020. Doc. 251-9. The Warden did not respond within 30 days, but denied Defendant's request on May 13, 2020. Doc. 251-10. The Court finds, and the Government does not argue to the contrary, that Defendant has exhausted administrative remedies. The Court turns to the merits of his claim.

### B. Extraordinary and Compelling Reason

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). The Court may grant compassionate release under one or more criteria. *See id.* Defendant contends his medical condition and his heightened susceptibility to COVID-19 constitute extraordinary and compelling reasons for release.

According to the Sentencing Commission's policy statement on compassionate release, the "Defendant's Medical Condition" qualifies as an extraordinary and compelling reason to support a sentence reduction if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.1(A)(ii)(I).

The Government is correct that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison *alone*" is insufficient to justify compassionate release, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (emphasis added), but Defendant is not seeking compassionate release solely on that basis. Rather, Defendant makes two broader arguments that his numerous underlying medical conditions put him at a uniquely heightened risk of serious COVID-19 illness and his medical condition is dire and continues to deteriorate based on the inadequate

medical care he is receiving in prison. This Court declines to find that the pandemic, coupled with health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *See United States v. Bryant*, 996 F.3d 1243, 1263–65 (11th Cir. 2021) (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13). However, based on the Court's review of the record, argument of counsel, and the unrebutted declaration from Dr. Marcus, the Court finds Defendant has demonstrated extraordinary and compelling circumstances resulting from his serious medical conditions. *See* U.S.S.G. § 1B1.13 cmt.1(A)(ii)(I).

Defendant submits that "[t]he BOP continuously refuses to evaluate, monitor, and treat" his pre-diabetes, aortic aneurysm, chronic kidney stones, pancreatitis, and enlarged prostate. Doc. 251. This is confirmed by Defendant's medical records and Dr. Marcus's declaration, which evidence the failings in his medical care. Docs. 251-1, 251-2. Defendant's aortic aneurysm is nearing a critical size and according to Defendant, he is not receiving customary sonograms to monitor for the risk of rupture so as to avoid the potential for sudden death. The cause of Defendant's recurring pancreatitis remains unevaluated, later advanced, and required the surgical removal of his gall bladder. He is also in need of basic testing and medical supervision to evaluate and treat his diabetes, enlarged prostate, and chronic kidney stones. It follows that without diagnoses and treatment plans for his medical conditions, Defendant is unable to provide himself the care he needs to control and manage these conditions,

since a prisoner's "ability to provide self-care within the environment of the correctional facility is diminished" if he does not "receiv[e] necessary medical follow up and treatment for his ongoing health issues while incarcerated." *United States v. Morse*, No. 10-20361-CR, 2020 WL 6534899, at *3 (S.D. Fla. Nov. 3, 2020).

The Court finds that Defendant's motion and supporting evidence describe numerous inadequacies in his medical care that put his life at serious risk and support compassionate release. *See United States v. Vazquez Torres*, No. 19-CR-20342, 2020 WL 4019038, at *4 (S.D. Fla. July 14, 2020) (granting compassionate release "given . . . the obstacles [defendant] faces in receiving adequate and complete treatment while incarcerated"). His deteriorating medical condition "need not have been unforeseen at the time of sentencing." U.S.S.G. § 1B1.13 cmt.2 ("the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement"). Defendant has met his burden of establishing that extraordinary and compelling reasons justify compassionate release under the sentencing guidelines due to his serious medical conditions.

### C. Section 3553(a) Factors Support a Reduction in Sentence

Having found that Defendant demonstrates extraordinary and compelling reasons for compassionate release, the Court must next consider the factors identified in 18 U.S.C. § 3553(a) to determine whether it can conclude that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3412(g)," U.S.S.G. § 1B1.13(2), and whether a reduction of his sentence is

consistent with the Sentencing Commission's policy statements, 18 U.S.C. § 3582(c)(1)(A). Upon review of the record and having considered the § 3553(a) factors, the Court determines that Defendant is not presently a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(2); 18 U.S.C. §3142(g).

Defendant is currently 64 years old. His age makes him statistically less likely to recidivate. *See United States v. Vigil*, No. 3:09-CR-322-J-32PDB, 2020 WL 6044561, at *7 (M.D. Fla. Oct. 13, 2020) (citing *The Effects of Aging on Recidivism Among Federal Offenders* 3, 23, U.S. SENTENCING COMMISSION (2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf). Moreover, his five-year term of supervised release should additionally deter any risk of reoffending.

According to BOP records, Defendant has not had any disciplinary violations while serving his sentence. Based on information provided by his BOP counselor and other inmates at FCI Coleman Medium, Defendant has made efforts to rehabilitate himself and help others while incarcerated. He has taken numerous courses, including parenting courses and a re-entry seminar. He has cared for his fellow inmates when they have been ill. Given Defendant's age, his demonstrated efforts to rehabilitate himself and help others, and his good behavior, the Court is persuaded that he does not pose a danger to any other person or the community. *See* U.S.S.G. § 1B1.13(2); *see also Pepper v. United States*, 562 U.S. 476, 491 (2011) (holding that "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing").

Accordingly, the Court finds that Defendant's motion is due to be granted. In granting his motion, the Court has considered the § 3553(a) factors and concluded that Defendant does not pose a danger to the safety of any person or the community and further finds that a reduction in his sentence to time served, with a five-year term of supervised release, is consistent with the Sentencing Commission's policy statements.

Accordingly, it is hereby

**ORDERED**:

1. Defendant Thomas Edward Kohler's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 251) is **GRANTED**.

2. The Court reduces Defendant Kohler's term of imprisonment to **TIME SERVED**. Upon his release from prison, Thomas Edward Kohler will begin a five-year term of supervised release, subject to the mandatory and standard conditions of supervised release adopted by the Court in the Middle District of Florida.

3. There being a verified residence and an adequate release plan in place (Doc. 266), the Bureau of Prisons shall **RELEASE** Defendant Thomas Edward Kohler upon entry of this Order, as soon as appropriate travel arrangements are made.

**DONE** and **ORDERED** in Tampa, Florida on March 15, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties